AE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PARA GEAR EQUIPMENT CO., INC., )
an Illinois corporation, )
 )
Plaintiff, )
 )
v. ) No. 04 C 0601
 )
SQUARE ONE PARACHUTES, INC., ) Judge John W. Darrah
a California corporation; and )
ANTHONY J. DOMENICO, a California resident, )
 )
Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff, Para Gear Equipment Co., Inc., filed a Complaint for Declaratory Judgment against Defendants, Square One Parachutes, Inc. and Anthony J. Domenico. The Complaint contains three counts, alleging the patent at issue is unenforceable (Count I) and invalid (Count II) and alleging lack of infringement by Para Gear (Count III). Presently before the Court is Para Gear's Motion for Summary Judgment.

### BACKGROUND

In December 2003 and January 2004, Square One, through letters from its attorney, charged Para Gear with infringement of U.S. Patent No. Des. 381,886 ("'886 Patent"). (Plaint.'s 56.1(a)(3) Statement ¶ B-2).[1] The '886 patent was issued on August 5, 1997, to the inventor, Anthony J. Domenico, who assigned the patent to Square One. (Id., ¶ C-1). The '886 patent's sole claim is for "[t]he ornamental design for a rescue knife, as shown." (Id., ¶ C-3).

---

[1] Para Gear's Statement of Material Facts is presented in categories, and each category commences renumbering anew. Accordingly, Para Gear's facts are designated by the corresponding category.

The December 1992, January 1993, February 1993, March 1993, April 1993, May 1993, and June 1993 issues of *Parachutist* magazine contain an advertisement by Square One Sales & Service, stating, in part: "New color catalogue available February, 1993. Call today to receive your copy." (Plaint.'s 56.1(a)(3) Statement ¶¶ C-10 - C-16). The July 1993 issue of *Parachutist* contains an advertisement by Square One, stating, in part: "New 150 Page Color Catalog Now Shipping – Just $5.00." (Id., ¶ C-17).

The Square One 1993/94 Catalog contains photographs of other hook knives sold by Square One, including a hook knife identified as "Deluxe Metal Knife Item No. 20200" and a hook knife identified as "Jack The Ripper Hook Knife Item No. 2023." (Plaint.'s 56.1(a)(3) Statement ¶¶ C-21 - 22). A portion of the 1993/94 Catalog page containing photographs of the hook knives appeared in an advertisement of the August 1993 issue of *Parachutist*. (Id., ¶ C-23).

Square One sold 128 Square One Item No. 20200 hook knives in 1993 and 166 in 1994. (Plaint.'s 56.1(a)(3) Statement ¶¶ C-24 - 25). Domenico knew that Square One commenced selling Item No. 20200 in mid to late 1992. (Id., ¶ C-26). Domenico also knew that the 1993/94 Catalog was most likely printed in 1993. (Id., ¶ C-32).

Para Gear received a Square One 1993/94 catalog in the summer of 1993. (Plaint.'s 56.1(a)(3) Statement ¶ C-27). Para Gear purchased a hook knife identified as Item No. 20200 that same summer. (Id., ¶ C-28). The hook knife identified as Item No. 20200 in the 1993/94 Catalog purchased by Para Gear in 1993 has the similar outside shape of Figure 2 of the '886 patent, except that Figure 2 of the patent shows a double blade, whereas, Item 20200 has a single blade. (Id., ¶ C-

2

33). The Jack the Ripper Hook Knife Item No. 2023 of the 1993/94 Catalog is shown with double blades. (Id., ¶ C-34). Aeroplay is another hook knife that was offered for sale in the United States prior to November 24, 1994. (Id., ¶ C-56).

On December 19, 1995, Domenico signed a patent application containing the following language: "I acknowledge the duty to disclose information which is material to the examination of this application in accordance with Section 1.56(a) of Title 37 of the Code of Federal Regulations." (Plaint.'s 56.1(a)(3) Statement ¶ C-35). The patent application, which matured into the '886 patent, was filed in the Patent and Trademark Office ("PTO") on December 22, 1995. (Id., ¶ C-37). On March 21, 1996, Domenico's attorney filed the '886 patent application and an Information Disclosure Statement ("IDS") in the PTO. (Id., ¶ C-38). The March 21, 1996 Information Disclosure Statement was the only IDS filed in the '886 patent application. The IDS lists the following U.S. Patents: 1,472,826; 3,370,163; 4,783,867; 4,918,775; 4,944,392, and 5,313,376. No other prior art was listed. (Id., ¶ C-39).

None of the patents cited in Domenico's IDS disclose a hook knife. (Plaint.'s 56.1(a)(3) Statement ¶ C-40). Domenico's IDS does not disclose any part of the 1993/94 Catalog, Item 20200, or any knife offered for sale by Square One prior to December 22, 1994. (Id., ¶¶ C-41 - 45).

On June 10, 1996, the patent examiner issued an Examiner's Action in the '886 application wherein he cited eleven United States patents. (Plaint.'s 56.1(a)(3) Statement ¶ C-48). On December 23, 1996, Domenico filed a Supplemental Declaration in the '886 patent application. (Id., ¶ C-50). Domenico did not disclose any additional prior art outside that already disclosed in the previously filed IDS. (Id., ¶ C-51). The application underlying the '886 patent was Domenico's first effort at patenting one of his designs. (Def.'s 56.1(B)(3) Statement ¶ 4).

3

## ANALYSIS

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). All the evidence and the reasonable inferences that may be drawn from the evidence are viewed in the light most favorable to the nonmovant. *Miller v. American Family Mutual Ins. Co.*, 203 F.3d 997, 1003 (7th Cir. 2000). Summary judgment may be granted when no "reasonable jury could return a verdict for the nonmoving party". *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Para Gear argues that the '886 patent is unenforceable because Domenico engaged in inequitable conduct by failing to disclose the 20200 hook knife and the 1993/94 Catalog that depicted this and other hook knives.

Failure to prosecute a patent application with candor, good faith, and honesty constitutes inequitable conduct. *See Molins PLC v. Textron, Inc.*, 48 F.3d 1172, 1178 (Fed. Cir. 1995) (*Molins*). The court undertakes a two-step analysis in determining whether inequitable conduct occurred. *GFI, Inc. v. Franklin Corp.*, 265 F.3d 1268, 1273 (Fed. Cir. 2001) (*GFI*). First, the court determines whether there has been an affirmative misrepresentation of material fact -- a failure to disclose material information or a submission of false material information, coupled with an intent to deceive. *See Semiconductor Energy Lab. Co. v. Samsung Elect. Co.*, 204 F.3d 1368, 1373 (Fed. Cir. 2000) (*Samsung*). The party asserting the defense must demonstrate by clear and convincing evidence that the information was both material and that the conduct was intended to deceive. *See Samsung*, 204 F.3d at 1373. Second, the court weighs the materiality and intent to deceive in light of all the

circumstances to determine whether the patent applicant's conduct is so culpable to render the patent unenforceable. *See GFI*, 265 F.3d at 1273.

Because the presently disputed patent was filed after March 16, 1992, materiality is determined by the current version of PTO Rule 56, rather than the pre-1992 version of the rule. *See Purdue Pharma L.P. v. Endo Pharmaceuticals Inc.*, 410 F.3d 690, 696 (Fed. Cir. 2005) (*Purdue*); *Bruno Indep. Living Aids, Inc.*, 394 F.3d 1348, 1352-53 (Fed. Cir. 2005) (*Bruno*). Information is "material" if:

> [I]t is not cumulative to information already of record or being made of record in the application, and
> (1) It establishes, by itself or in combination with other information, a prima facie case of unpatentability of a claim; or
> (2) It refutes, or is inconsistent with, a position the applicant takes in:
> (i) Opposing an argument of unpatentability relied upon by the Office, or
> (ii) Asserting an argument of patentability.

37 C.F.R. § 1.56(b)(2004). "Materiality is not limited to prior art but instead embraces *any* information that a reasonable examiner would be substantially likely to consider important in deciding whether to allow an application to issue as a patent." *GFI*, 265 F.3d at 1274. It is incumbent on the applicant to disclose potential priority conflicts to the examiner and not to unilaterally make a determination that materials are not prior art. *GFI*, 265 F.3d at 1274.

Para Gear argues that a side-by-side comparison of the hook knife of the '886 patent and the 20200 hook knife demonstrates that a reasonable examiner would have considered the information disclosed by the ornamental design of the 20200 hook knife and those found in the 1993/94 catalog important in deciding whether to allow the '886 patent to issue. However, Para Gear's test of materiality is applied to patents that were not pending or filed after the March 16, 1992 changes to

5

PTO Rule 56. *See Purdue*, 410 F.3d at 696; *Bruno*, 394 F.3d at 1352-53. Para Gear cites to *Dayco Prod. v. Total Containment, Inc.*, 329 F.3d 1358 (Fed. Cir. 2003) (*Dayco*), in support of its argument that the pre-1992 test still applies. However, the *Dayco* court did not rule on this issue and left that decision for another day. *See Dayco*, 329 F.3d at 1363-64. Accordingly, Para Gear has applied the incorrect test of materiality. Furthermore, Para Gear did not address Square One's argument that Para Gear failed to address the correct test for materiality, except its incorrect cite to *Dayco*, and that Para Gear failed to present the Court with any undisputed factual evidence under the applicable test. Para Gear failed to present evidence of a *prima facie* case of unpatentability of the '886 patent or refutation or inconsistency with a position Domenico took in opposing an argument of unpatentability relied upon by the PTO or asserted as argument of patentability. In light of the lack of evidence, Para Gear has failed to demonstrate, by clear and convincing evidence, the materiality of the 20200 hook knife and/or the 1993/1994 Catalog for purposes of summary judgment.

Even if Para Gear had demonstrated materiality, genuine issues of material fact exist as to whether Domenico intended to deceive the PTO.

Intent is generally inferred from the circumstances and facts surrounding the patent applicant's conduct. *Samsung*, 204 F.3d at 1375. Direct evidence is usually not available to demonstrate intent; instead, it is generally demonstrated "by a showing of acts, the natural consequences of which are presumably intended by the actor." *Molins*, 48 F.3d at 1180.

Here, it is undisputed that Domenico knew of the 20200 hook knife and the 1993/1994 Catalog when he applied for the '886 patent. Para Gear contends that Domenico's knowledge of the 20200 hook knife and the 1993/1994 Catalog along with a comparison of the 20200 hook knife and the '886 patent hook knife demonstrate, by clear and convincing evidence, Domenico's intent to

6

deceive the PTO. Domenico avers that this was his first patent application and that he did not believe the other hook knives were material to the '886 patent because the '886 patent depicted a unique single large oval hole within a handle of the knife and a dual-bladed cutting end. Issues of material fact exist as to whether Domenico intended to deceive the PTO; thus, summary judgment as to the unenforceability of the '886 patent must be denied.

Para Gear also argues that the '886 patent is invalid for obviousness based on the primary reference to the 20200 hook knife and secondary references, including the Jack the Ripper Hook Knife.

The statutory presumption of patent validity pursuant to 35 U.S.C. § 282 places the burden of proving invalidity on the proponent, and the burden never shifts to the patentee. *See Sinskey v. Pharmacia Ophthalmics, Inc.*, 982 F.2d 494, 498 (Fed. Cir. 1992). For design patents, the ultimate inquiry in determining invalidity for obviousness pursuant to Section 103 is "whether the design would have been obvious to a designer of ordinary skill of the articles involved." *In re Rosen*, 673 F.2d 388, 390 (Fed. Cir. 1982) (*Rosen*). The overall appearance – the visual effect as a whole of the design – must be taken into consideration in making this determination. *See Rosen*, 673 F.2d at 390.

"More specifically, the inquiry is whether one of ordinary skill would have combined teachings of the prior art to create the same overall visual appearance as the claimed design." *Durling v. Spectrum Furniture Co.*, 101 F.3d 100, 103 (Fed. Cir. 1996) (*Durling*). However, before prior art designs can be combined, a primary reference – "a something in existence, the design characteristics of which are basically the same as the claimed design" – must be identified. *Rosen*, 673 F.3d at 391. If a primary reference is identified, other references may be used to modify it to

7

create a design that has the same overall visual appearance as the claimed design. *See Durling*, 101 F.3d at 103. Secondary references may only be used to modify the primary reference if they are "so related [to the primary reference] that the appearance of certain ornamental features in one would suggest the application of those features to the other." *In re Borden*, 90 F.3d 1570, 1575 (Fed. Cir. 1996). The focus in a design patent-obviousness inquiry is on the visual appearances, not the design concepts. *See Durling*, 101 F.3d at 104.

In determining whether a primary reference has been identified, the court discerns the correct visual impression created by the patented design as a whole and then determines whether there is a single reference that creates "basically the same" visual impression. *See Durling*, 101 F.3d at 103.

The visual appearance of the '886 patent hook knife is that of a hook knife with: (1) an oval grip containing a single large oval opening; (2) which narrows and wraps around to form a hook containing two blades, one blade angled on the bottom of the hook and one blade angled at the top of the hook which meet to form a "V" (<) facing outward toward the oval grip at the center of the hook.[2]

Para Gear contends that the 20200 hook knife constitutes a primary reference to the '886 patent. The visual appearance of the 20200 hook knife is a hook knife with: (1) an oval grip containing two circular openings; (2) which narrows and wraps around to form a hook containing one blade angled at the top of the hook which forms a "V" (<) facing outward toward the grip at the base of the hook.[3]

---

[2] See Figure 1.

[3] See Figure 2.

8

As demonstrated by the above descriptions, the 20200 hook knife does not create basically the same visual impression as the '886 patent hook knife. The '886 patent hook knife is readily distinguishable from the 20200 hook knife in both the grip shape and the blade structure. Because major modifications would have to be made to the 20200 hook knife to look like the claimed design, it cannot qualify as a primary reference. *See In re Harvey*, 12 F.3d 1061, 1063 (Fed. Cir. 1993) (prior art vase that required major modifications to look like the claimed design could not qualify as a primary reference). Para Gear has failed to identify a primary reference in its Motion for Summary Judgment; accordingly, Para Gear's Motion for Summary Judgment seeking a finding of invalidness for obviousness is denied.

## CONCLUSION

For the foregoing reasons, Para Gear's Motion for Summary Judgment is denied.

Dated: September 14, 2005

JOHN W. DARRAH
United States District Judge



Figure 1



Figure 2